Campbell, Ohief Justice,
delivered the opinion of the court:
The revenue act of 1916, 39 Stat. 756, 767, sec. 12, provides for deductions in case of a corporation from the gross amount of its income received within the year from all sources in order to ascertain its net income that is subject to taxation. Among other authorized deductions is “ a reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business •or trade.” The question is whether the plaintiff was entitled under this provision to the deduction it took in its .return but which the commissioner declined to allow. The *603 plaintiff bad a contract (or three several contracts together constituting one) designated as patent license contracts, from which, and the licenses authorized thereby, all of its income for the years in question was derived, except a small amount of income accruing on bank deposits.
The contracts had approximately nine and one-fourth years to run before their expiration, and the plaintiff claims that it should be allowed a deduction from its income of ■one-ninth of the value of the contracts as of March 1, 1913, ■or, more accurately as to amount, that it should be allowed a deduction of $120,000, which is less than one-ninth of the value ascertained by the commissioner but is the amount the plaintiff deducted in its tax return for 1917. . We think that plaintiff was entitled to the deduction claimed. The contract or contracts were property and furnished the basis of its earnings. Upon their expiration its income would ■cease. An exhaustion was going on each year. That the reasonable allowance for the exhaustion, wear and tear of property arising out of its employment in the business contemplated by the statute is not to be given a restricted meaning is indicated by the fact that special provision is made in case of oil and gas wells and in case of mines and in case of insurance companies, leaving the generality of application in other cases unimpaired. The deduction, authorized by the act, from gross income, in order to arrive -at the taxable income for a given year, is intended to take the place of the reduction during the year of capital assets brought about by the exhaustion or wear and tear of capital assets. The corporate securities issued for the rights secured by the contract would have no value when the contract expires by limitation unless the corporation may set aside from time to time a part of the income sufficient during the years of the life of the contract to take its place when the latter terminates. The plaintiff was entitled to the deduction claimed in its return and is therefore entitled to judgment for the tax improperly assessed, with interest provided in the statute. The view we have taken renders unnecessary a discussion of the question whether the excess-profits tax was to be computed under sec. 209 of the revenue act of 1917. *604 Judgment should be entered in the sum of $30,053.71, with interest. And it is so ordered.
Moss, Judge; Hat, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.